IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMOND GREENWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.2:07cv407-WKW |
| ) | (WO) |
| GWENDOLYN C. MOSLEY, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Demond Greenwood ("Greenwood"), a state inmate, on January 31, 2007.[1] By his petition, Greenwood challenges his convictions for first-degree rape and first-degree robbery, and the resulting sentences, rendered in the Circuit Court of Dale County, Alabama, on February 24, 1997. Greenwood was sentenced, as a habitual offender, on May 23, 1997, to terms of 40 years in prison on each count, to be served consecutively. He did not undertake a direct appeal. His convictions became final by operation of law on July 7, 1997.

The respondent has filed an answer in which she argues that Greenwood's habeas

---

[1] Greenwood originally filed his petition in the United States District Court for the Southern District of Alabama. Because the Middle District of Alabama is where his convictions and sentences arose, the action was transferred to this court. Although Greenwood's petition was date-stamped "filed" in United States District Court for the Southern District of Alabama on February 5, 2007, the petition was signed by Greenwood as delivered to prison authorities for mailing on January 31, 2007. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Accordingly, the court deems January 31, 2007, as the date of filing.

petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondent contends that because the convictions that Greenwood challenges became final in 1997 – after the effective date of the statute of limitations – Greenwood must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state courts. The respondent acknowledges that Greenwood filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in July of 2002. However, the respondent maintains that the filing of that Rule 32 petition did not toll the federal one-year period of limitation because the state petition was filed well after the federal limitation period had already expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Greenwood's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Dale County entered the challenged

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

convictions against Greenwood on February 24, 1997. The trial court imposed sentence upon Greenwood on May 23, 1997. Greenwood did not file a direct appeal. By operation of law, then, his convictions became final on July 7, 1997 – the first business day forty-two days after imposition of sentence, excluding state holidays – as this is the date on which Greenwood's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

The record demonstrates that Greenwood filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, in July 2002. However, that action did not toll the one-year period of limitation relevant to this federal habeas action as it was filed approximately four years after the one-year period of limitation had expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the

limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In light of the foregoing, the court concludes that the tolling provision provided in § 2244(d)(2) is unavailing and the time allowed Greenwood for the filing of a federal habeas petition expired on July 8, 1998. Greenwood filed this federal habeas petition January 31, 2007. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Greenwood's filing the instant § 2254 petition. Accordingly, it is

ORDERED that on or before June 4, 2007, Greenwood shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 14th day of May, 2007.

        /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE