IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMOND GREENWOOD, #179188, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.2:07cv407-WKW |
| ) | (WO) |
| GWENDOLYN C. MOSLEY, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Demond Greenwood ("Greenwood"), an Alabama inmate acting *pro se*, is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254.[1] Greenwood challenges convictions for first-degree rape and first-degree robbery entered in the Circuit Court of Dale County, Alabama, in 1997. That court sentenced Greenwood, as a habitual offender, on May 23, 1997, to 40 years on each count, the terms to run consecutively. Greenwood did not undertake a direct appeal; thus, his convictions became final by operation of law on July 7, 1997. In his habeas petition, Greenwood argues that he received ineffective assistance of

---

[1] Greenwood originally filed his petition (Doc. No. 1) in the United States District Court for the Southern District of Alabama. Because the Middle District of Alabama is where his convictions and sentences arose, the action was transferred to this court. Although Greenwood's petition was date-stamped "filed" in United States District Court for the Southern District of Alabama on February 5, 2007, the petition was signed by Greenwood as delivered to prison authorities for mailing on January 31, 2007. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). Accordingly, the court deems January 31, 2007, as the date of filing.

counsel during proceedings in the trial court and when his attorney then failed to file a notice of appeal on his behalf.

The respondent filed a response (Doc. No.7) arguing that Greenwood's habeas petition is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Specifically, the respondent contends that because the convictions Greenwood challenges became final in 1997 – after the effective date of the statute of limitations – Greenwood must have filed his habeas petition within a year of these convictions becoming final, exclusive of the time any properly filed state post-conviction petition related to the convictions was pending in the state courts. The respondent acknowledges that Greenwood filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in July of 2002. However, the respondent maintains that the filing of the Rule 32 petition did not toll the federal limitation period because the state petition was filed well after the federal limitation period had expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

After due consideration and upon review of the pleadings in this case and the law of this Circuit, this court concludes that an evidentiary hearing is not required and that Greenwood's habeas petition should be denied and this case dismissed with prejudice because the petition was not filed within the time allowed by applicable federal law.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute directs that the limitation period for filing a habeas petition under 28 U.S.C. § 2254 begins to run at the conclusion of direct review or upon expiration of the time

for seeking direct review, whichever is later. The Circuit Court of Dale County entered the challenged convictions against Greenwood on February 24, 1997. That court imposed sentence upon Greenwood on May 23, 1997. Greenwood did not file a direct appeal. By operation of law, then, his convictions became final on July 7, 1997 – the first business day forty-two days after imposition of sentence, excluding state holidays – as this is the date on which Greenwood's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

The record reflects that Greenwood filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, in July 2002. However, the respondent correctly asserts that the filing of the state petition did not toll the one-year federal limitation period relevant to the instant federal habeas petition, because the state petition was filed approximately four years after the federal limitation period had expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v.*

*Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In light of the foregoing, the court concludes that the tolling provision in § 2244(d)(2) is unavailing in this case and that the time allowed Greenwood for the filing of a federal habeas petition expired on July 8, 1998. Greenwood filed this federal habeas petition on January 31, 2007. Under the circumstances, the one-year limitation period in 28 U.S.C. § 2244(d)(1) expired long before Greenwood filed his habeas petition.

Case law provides that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see also Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001).

This court provided Greenwood an opportunity to show cause why his habeas petition

should not be barred from review as untimely filed. (Doc. No. 11.) Greenwood submitted a response to this court's order in which he alleges entitlement to equitable tolling because, he says, he did not understand the effect the filing of a state post-conviction petition would have on the running of the federal limitation period for a habeas action under 28 U.S.C. § 2254. (Doc. No. 12.) However, to the extent Greenwood alleges his ignorance of relevant law as a basis for equitable tolling, he is entitled to no relief, because an inmate's lack of legal knowledge, his failure to understand legal principles, and his inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro* se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout most of the limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling).

In light of the foregoing, this court concludes that Greenwood has failed to establish extraordinary circumstance sufficient to justify equitable tolling. The court further concludes that Greenwood fails to show cause why his petition should not be dismissed as untimely filed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed with prejudice as untimely filed. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 22, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of December, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE